### BENJ. DUNN *versus* SAMUEL MOODY.

Exceptions cannot be sustained to instructions which are favorable to the excepting party.

Nor to a refusal to give instructions which have already been substantially given in the case.

ON EXCEPTIONS AND MOTION FOR NEW TRIAL, from *Nisi Prius*, RICE, J., presiding.

This was an action of assumpsit to recover for services as deputy sheriff, performed by order of the defendant as an attorney.

The evidence being out, the presiding Judge instructed the jury that the plaintiff must not only satisfy them that the services charged had been rendered, and of their value, but also that they were performed for and on the credit of the defendant, and that it was so understood by the parties; that both attorney and officer were, in contemplation of law, agents of the plaintiff or party employing them; and that the fact that the defendant, as an attorney, had made writs and put

them into the hands of the plaintiff for service, would not of itself render him liable for the plaintiff's fees. To render the defendant thus liable, they must be satisfied that he had assumed the liability, and that the services had been performed by plaintiff on his credit.

The defendant requested the Judge to instruct the jury that an attorney was not liable to pay officer's fees for his services, unless he had contracted or promised so to do. This instruction the Court declined to give, stating that he had virtually given such instruction.

The verdict was for the plaintiff. The defendant excepted to the instructions and refusal to instruct, by the presiding Judge, and also moved for a new trial on the grounds that the verdict was (1,) against evidence; (2,) against the weight of evidence; and (3,) because a portion of the amount, given by the verdict, was unsupported by any evidence against the defendant.

*C. W. Goddard*, for plaintiff.

*Record & Moody*, for defendant.

TENNEY, C. J. — The instructions of the Judge were favorable to the defendant. Those requested and refused, had been given substantially before to the jury.

It does not appear from the report of the evidence, that the jury were under any improper influence, or failed to understand the testimony.

*Exceptions and motion overruled.*

GOODENOW, RICE, HATHAWAY and CUTTING, J. J., concurred.